**Baruch S. Gottesman**
Attorney and Counselor at Law

May 8, 2026

**Via ECF**
The Hon. District Judge Frederic Block
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    Request for Pre-Motion Conference (Demand for Rule 7.1 Disclosure
> and for Limited Expedited Discovery into Identity of the Plaintiff)
> *United Capital Experts, LLC v. Jot Cargo Inc., et al.*
> Case No. 1:26-cv-02719 (FB)

Judge Block:

## I.    Introduction

I have the honor to represent **Defendants Jot Cargo, Inc., and Navjotsingh Ghuman** in the matter of *United Capital Experts, LLC v. Jot Cargo Inc., et al.*, Case No. 1:26-cv-2719-FB.    Pursuant to Rule 2(A) of Your Honor's Individual Practice Rules, this Letter respectfully **requests a pre-Motion Conference** on Defendants' Motion for Rule 7.1 Disclosure by the Plaintiff.

## II.    Factual and Procedural Background

Plaintiff docketed a Summons and Complaint, which sought a Judgment against the Defendant for the alleged breach of a contract between the Defendants and a non-Party (NYSCEF Doc. No. 1, ECF 1-1).    The Complaint alleges that "rights . . . to bring this action to recover damages sustained" was assigned to the Plaintiff on the eve of filing suit, Compl. at ¶ 16 & Exh C.

The Complaint alleges that the Plaintiff is a New York limited liability company with its principal place of business in Long Island City, Complaint at ¶ 1.    It is not.    The public record shows that the Plaintiff is a limited liability company organized and existing under Florida law, with its headquarters in the Miami area.    The Plaintiff appears to maintain a dropbox address as a foreign limited liability company in Queens County.

In any event, the Defendants believe and, on that basis, alleged that the citizenship of the Members of the Plaintiff is in New York, Florida, and/or other states, but not in the State of California.    That was the basis for the Removal of this case from New York Supreme Court.

On May 8, 2026, the Plaintiff appeared and in breach of Rule 7.1(b)(1) elected to not file a disclosure statement "with its first appearance".

In order to confirm the existence of diversity jurisdiction and to properly identity the Plaintiff and their role in this case, the Plaintiff now respectfully seeks an order that the Plaintiff provide the required disclosure and be subjected limited expedited discovery into the true identity of the Plaintiff and the nature of the purported "Assignment" of the claim to the Plaintiff.

### a.    **<u>Rule 7.1(2)(A) Requires Immediate Disclosure</u>**

The former Local Civil Rule 26.1 of the Joint Local Rules, Southern and Eastern Districts of New York required that, upon demand, a party must disclose the true owners-in-interest and their citizenship.  This rule enabled expedited resolution of Diversity issues and early Discovery into the true identity of relevant parties.

That Local Rule was withdrawn in 2024 upon the enactment of the amended Fed. R. Civ. P. 7.1, "which now requires parties or intervenors in a diversity case to name and identify the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor", 2024 COMMITTEE NOTE in Joint Local Rules at p. 17 (Jan. 2, 2026), available online at https://www.nysd.uscourts.gov/sites/default/files/local_rules/2026-01-02%20-%20EDNY%20 and%20SDNY%20Joint%20Local%20Rules%20As%20Amended.pdf. The disclosure is required by every party "with its first appearance".

### b.    **Good Cause Justifies Expedited Discovery<br>of the True Parties in Interest**

For the past several years, Attorney General Letitia James has been pursuing action against a swath of the Merchant Cash Advance industry operating through New York State. *See* VERIFIED PETITION in *People of the State of New York v. Yellowstone Capital LLC*, Index No. 450750/2024 (S.Ct. New York County) available online at https://iapps.courts.state.ny.us/nyscef/ ViewDocument?docIndex=09Or7ktAOW1AW2qgTGMYqA==

To the extent that the Rule 7.1 disclosure of the identity and citizenship of the true parties in interest on April 17, 2026, ends up hitting a brick wall (for example, an anonymous shelf corporation in Delaware or Wyoming, or a strawman individual Member or Owner) expedited discovery into the true identity of the parties in interest will be necessary.  Failing to do so would delay the ability of the Defendants to proceed with their impleaded claims against the parties that fraudulently induced the 250% APR loan, delay the resolution of whether the assignment of the right to bring this action was bogus, and delay the identification of the *bona fide* parties in interest and whether they are subject to action by the Attorney General.

In addition, the circumstances of the purported Assignment of the third-party's claim against the Plaintiff cry out for further explanation and it would be inappropriate for this case to proceed any further if and when it cannot be confirmed that the Plaintiff is an appropriate party to this case.

Therefore, good cause exists for the Court to authorize expedited discovery limited to the identification of the true parties in interest of the Plaintiff and its associated parties; and into the circumstances of the purported Assignment of the claim by the nonparty to the Plaintiff.

Letter to Hon. District Judge Frederic Block
May 8, 2026
Page 3 of 3

**III.**   **Conclusion**

For the reasons described above and further arguments to be presented in the Motion for Disclosure and for limited expedited discovery, the Court should order the Plaintiff to immediately comply with the disclosure requirements under Rule 7.1 and to respond to expedited and limited discovery into the identity of the true parties and interest and into the nature of the purported Assignment of the claim to the Plaintiff.

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq
Gottesman Legal PLLC
*Counsel for Defendants Jot Cargo, Inc.*
*and Navjotsingh Ghunam*