**Baruch S. Gottesman**
Attorney and Counselor at Law

May 28, 2026

<u>**Via ECF**</u>
The Hon. Magistrate Judge Peggy Cross-Goldenberg
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    Reply Letter re Pre-Motion Conference (Demand for Rule 7.1 Disclosure
> and for Limited Expedited Discovery into Identity of the Plaintiff)
> *United Capital Experts, LLC v. Jot Cargo Inc., et al.*
> <u>Case No. 1:26-cv-02719 (FB)</u>

Judge Cross-Goldenberg:

I.    **Introduction**

I have the honor to represent **Defendants Jot Cargo, Inc., and Navjotsingh Ghuman** in the matter of *United Capital Experts, LLC v. Jot Cargo Inc., et al.*, Case No. 1:26-cv-2719-FB.  Pursuant to Rule IV(A) of Your Honor's Individual Practice Rules and the practices of this Court, this Letter respectfully Replies to the issues raised by the Plaintiff in their response to the Request for a Pre-Motion Conference  (ECF 13).  Plaintiff's Letter appears to have misaddressed to District Judge Block, so for completeness, a copy is annexed here as Exhibit A. In addition, a copy of the relevant Rule 7.1 Disclosure Statement (ECF 12) is annexed as Exhibit B.

II.    **Response to Plaintiff's Rule 7.1 Disclosure Statement**
       **and Response Letter**

Plaintiff argues that Disclosure is moot because on May 22, 2026, the Plaintiff filed a Rule 7.1 Disclosure Statement, annexed as Exhibit B.

Respectfully, this does not address the outstanding issues.  The Plaintiff's Rule 7.1 Disclosure Statement failed to disclose the **identity** of the relevant individuals or entities, nor did it confirm the **citizenship** of the Members of the relevant Trusts.  The old Joint Local Rule 26.1 was mooted by Rule 7.1, which now requires that when federal jurisdiction over a case is based on diversity, the party's disclosure "statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor".

As filed, the Plaintiff's Disclosure Statement cryptically states that United First, LLC is "owned by trusts and the trustees of each of those trusts are citizens of the State of New York."

Whatever that sentence means, it does not "name . . . every individual or entity whose citizenship is attributed to that party or intervenor". At the least, the Rule 7.1 Disclosure requires the name of the Trusts and the name of the Trustee(s) of each Trust at the time the case was filed, and any time that the Trustee(s) of any of those trusts is/was/will be changed, See Rule 7.1(2)(B)(requiring disclosure "when any later event occurs that could affect the court's jurisdiction").

In addition, Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719 (2d Cir. 2017)(cited by the Plaintiff at n. 1) did not create a black letter rule that citizenship automatically follows the Trustee of any entity called a "Trust". Rather, " [a] trust's citizenship in turns depends upon the nature of the trust." Rinderman v. Wilmington Savings Fund Society, FSB, Case No. 1:24-cv-4619 (E.D.N.Y. June 13, 2025)(Block, J.) quoting Psalms Creative, LLC v. Beacon Inv. Holdings, LLC, No. 25-cv-2135, 2025 WL 1268862, at *2 (S.D.N.Y. Apr. 30, 2025)(Rochon, J.)

For those trusts that are "recognized in law as distinct juridical entities" or which are otherwise non-traditional trusts, citizenship is based on all members including beneficiaries. By contrast "traditional trust[s] that establish[] only a fiduciary relationship and that cannot sue and be sued in [their] own right" then potentially citizenship is based on the Trustee's citizenship, 400 East 62nd Properties, LLC v. Grupo Cinemex, S.A., DE C.V., Case No. 1:20-cv-4917 (S.D.N.Y. April 28, 2025)(Rochon, J.) citing Raymond Loubier; Accord Rinderman.

The bottom line is that the Plaintiff's Rule 7.1 Disclosure statement fails to provide the Court (and their Clerks) sufficient transparency to determine if recusal may be necessary by any court staff; it fails to comply with the text of Rule 7.1; and absent insight into the "trusts" that own United First, there is no way to determine whether the Citizenship will follow the Trustee or the Beneficiaries, nor any of their identities.

For these same reasons we respectfully submit that there has not been full disclosure of the identity and citizenship of the Plaintiff and consistent with Judge Block's practices it is appropriate to proceed with expedited and limited Discover into "for evidence of (a) the terms of and laws governing the Trust[s], (b) [Plaintiff's] citizenship, and (c) the identity of the Trust[s'] beneficiaries." cf Rinderman. In addition, the nature of the supposed Assignment is also a condition precedent for understanding whether the Plaintiff is an appropriate Plaintiff.

## III.    Conclusion

For the reasons described above and argued in the Defendants' original Letter, the Defendants seek an order that the Plaintiff to immediately comply with the disclosure requirements under Rule 7.1 and that they respond to respond to expedited and limited discovery into the identity of the true parties and interest and into the nature of the purported Assignment of the claim to the Plaintiff.

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq
*Counsel for Defendants*