# KAMINSKI LAW, PLLC

27-01 Queens Plaza N, Suite 802
Long Island City, New York 11101
Mailing Address: P.O. Box 247
Grass Lake, Michigan 49240
Tel. (248) 482-7111
www.kaminskilawpllc.com
**Litigation | Bankruptcy |Creditors' Rights**

Shanna M. Kaminski

DIRECT DIAL 517-294-2101
EMAIL skaminski@kaminskilawpllc.com

May 22, 2026

**<u>Via ECF</u>**
The Hon. District Judge Frederic Block
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Response to Defendants' Request for Pre-Motion Conference (Demand for Rule
7.1 Disclosure and for Limited Expedited Discovery into Identity of the Plaintiff)
*United Capital Experts, LLC v. Jot Cargo Inc., et al.*
<u>Case No. 1:26-cv-02719 (FB)</u>

Judge Block:

## I.     <u>Introduction</u>

I represent Plaintiff United Capital Experts, LLC in the matter of *United Capital Experts, LLC v. Jot Cargo Inc., et al,* Case No. 1:26-cv-2719-FB. This Letter respectfully objects to Defendants' request for a pre-Motion Conference on Defendants' Motion for Rule 7.1 Disclosure by the Plaintiff.

The Defendants' request is not warranted in law or in fact because Defendants have not shown that such discovery is necessary. In fact, there is no dispute as to the "true identity" of the Plaintiff or, more importantly, as to whether this Court has diversity jurisdiction. What's more, any information that the Defendants can possibly expect to obtain in discovery has already been voluntarily disclosed by Plaintiff. Additionally, the Assignment of the claim against the Defendants to United Capital Experts, LLC is valid under New York law, making it unnecessary to order expedited discovery on that issue.

1

II.   **Objection**

    a.   **Discovery into the "True Identity" of the Plaintiff is Not Warranted Because There Is No Dispute that this Court Has Diversity Jurisdiction and All Information Has Already Been Disclosed.**

When adjudicating requests for expedited discovery, the Eastern District of New York applies the "flexible standard of reasonableness and good cause" established by the Southern District of New York in *Ayyash v. Bank Al-Madina*, 223 F.R.D. 325, 326-37 (S.D.N.Y. 2005). When diversity jurisdiction is not in dispute, there is no jurisdictional purpose, and thus no good cause, served by expedited discovery into the "true identity" of the Plaintiff because such discovery would be unnecessary and unreasonable. A party is not "entitled to jurisdictional discovery if it cannot show that the requested discovery is 'likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'" *Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013), and *aff'd*, 713 F.3d 159 (2d Cir. 2013).

The Defendants have already obtained all the information they could possibly expect to obtain through discovery from Plaintiff's corporate disclosure from both the corporate disclosure statement filed pursuant to Fed. R. Civ. P. 7.1 and in communications with Plaintiff's counsel even prior to the letter request was made to this Court. Plaintiff's counsel disclosed that Plaintiff, United Capital Experts, LLC, is a New York limited liability company, and its only member is United First, LLC which is a Florida limited liability company.  Its members are trusts and the trustees of those trusts are residents of New York.[1]

This information, which was already conveyed to Defendants' counsel and is in Plaintiff's Rule 7.1 Disclosure Statement, clearly establishes that there is no question that diversity jurisdiction applies, Plaintiff does not dispute that this Court has diversity jurisdiction, the Defendants removed this action and Defendants assert complete diversity exists in its Rule 7.1 Disclosure Statement. It is odd that they would dispute this Court's jurisdiction which would result in remand of this case. Finally, and most, importantly, there clearly is complete diversity based upon the disclosures. Because of this, there is no reason to conduct expedited discovery into the "true identity" of the Plaintiffs and the Defendants' request must be denied.

    b.   **No Discovery into the Assignment Is Warranted Because the Assignment of the Agreement is Clearly Proper under New York Law.**

New York law strongly favors assignments of contracts. *See Cobert Const. Corp. v. Syna*, 107 Misc. 2d 244, 246, 438 N.Y.S.2d 182, 183 (App. Term 1981) ("Free assignability of claims is the hallmark of modern New York practice."); *Clients' Sec. Fund of State of N.Y. v. Goldome*, 148 Misc. 2d 157, 160, 560 N.Y.S.2d 84, 87 (Sup. Ct. 1990) ("[W]ith some limited exceptions, virtually

---

[1] When a trust is among the members of an LLC, courts must then determine what citizenship to ascribe to that trust, which is determined by looking at the citizenship of the trustee. *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719 (2d Cir. 2017); *France v. Thermo Funding Co., LLC*, 989 F.Supp.2d 287 (S.D.N.Y. 2013); *WBCMT 2007-C33 NY Living, LLC v. 1145 Clay Ave. Owner, LLC*, 964 F.Supp.2d 265 (S.D.N.Y. 2013).  This is because only the trustee of a trust can sue and be sued. *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d at 269.

all claims and causes of action are assignable."). New York's pro-assignment policy is reflected by N.Y. Gen. Oblig. Law § 13-101, which states:

Any claim or demand can be transferred, except in one of the following cases:

1. Where it is to recover damages for a personal injury;
2. Where it is founded upon a grant, which is made void by a statute of the state; or upon a claim to or interest in real property, a grant of which, by the transferrer, would be void by such a statute;
3. Where a transfer thereof is expressly forbidden by: (a) a statute of the state, or (b) a statute of the United States, or (c) would contravene public policy.

The fact that New York strongly favors assignment is further supported by case law establishing a high threshold to make anti-assignment clauses enforceable, under which anti-assignment clauses must include "clear language" and the "plainest words." *Brettler v. Allianz Life Ins. Co. of N. Am.*, 40 N.Y.3d 450, 454, 226 N.E.3d 885, 887 (2023) ("If an anti-assignment clause does not include such language, the assignment is valid . . . .").

Here, the Agreement between United First, LLC and Jot Cargo, Inc. does not contain an anti-assignment clause. Importantly, the Agreement expressly allows United First to "assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part, with or without prior written notice to [Jot Cargo]." *See* Agreement, ¶ 16. Pursuant to this clause, United First assigned the Agreement to United Capital Experts, LLC on April 17, 2026 for the purpose of filing suit against Jot Cargo and Navjotsingh Ghuman in the State of New York and uphold the Agreement's choice of law and venue provisions, which designated New York law as the governing law and New York courts as the acceptable forums. *See* Agreement, ¶ 21. This is because when United First, LLC attempted to register to do business in New York, it discovered that another entity was already registered under the name United First, LLC in the State of New York and, as such, it could not register. The only way for United First to bring its claim against the Defendants in New York state court – and thus to comply with the Agreement's choice of law and venue provision – was for United First to assign its claim to an entity it owns which is registered to do business in New York, United Capital Experts, LLC.

Additionally, the fact that United First, LLC only assigned its rights under the Agreement, but did not assign liabilities, does not make the assignment unenforceable nor does it have any bearing on the action before this Court. Although UCC Article 2 does not apply to the Agreement because the Agreement is not a sale of goods the UCC provision on assignments is instructive to illustrate the difference between an assignment and a delegation of duties or assumption of liability.

Under UCC Article 2, the assignee takes the place of the assignor as to rights but is not bound by the assignor's duties unless those duties are expressly delegated and accepted. *See* N.Y. U.C.C. § 2-210. For this reason, an "assignment does not create new liability on the part of the assignee to the other party to the contract assigned," absent a specific agreement to assume those liabilities. *See Hudson Eng'g Assocs., P.C. v. Ames Dev. Corp.*, 228 A.D.2d 477, 477, 643 N.Y.S.2d 677, 678 (1996) ("The mere assignment of a contract may not be interpreted as a promise by the

3

assignee to the assignor to assume the performance of the assignor's duties so as to create new liability on the part of the assignee to the assignor for the performance of those duties. Similarly, the assignment does not create a new liability on the part of the assignee to the other party to the contract assigned.").

Lastly, nothing prevents the Defendants from filing a third-party complaint against United First, LLC for any claims it may believe it has against United First, LLC under the Agreement in connection with this action and the addition of United First, LLC would not destroy diversity. In other words, the Assignment does not deprive the Defendants from asserting defenses to the Agreement or bringing any claims they believe they may have against United First, LLC. For these reasons, the Defendants have not shown that there is good cause to conduct expedited discovery on the nature of the Assignment.

## III.      Conclusion

There is no need for discovery, let alone expedited discovery, into the "true identity" of the Plaintiff nor into the nature of the Assignment. Both parties have filed corporate disclosure statements which establish this Court has diversity jurisdiction.

Additionally, the Assignment of the Agreement to United Capital Experts, LLC is valid and enforceable under New York law. There is no dispute needing clarification as previous communications with Defendants' counsel and this letter have already disclosed the reasons behind the assignment of the claim to United Capital Experts, LLC. Discovery is not warranted because Defendants already have all the information they need to verify there is complete diversity and discovery would not result in any additional information that has not already been disclosed.

As stated in Federal Rule of Civil Procedure 1, the Federal Rules are to be employed to "secure the just, speedy, and inexpensive determination of every action and proceeding." Mandating expedited discovery into undisputed issues and already disclosed information would be redundant and improper, and would go against the Rules' express purpose. As such, the Defendants' request for expedited discovery must be denied.

Respectfully Submitted,

KAMINSKI LAW, PLLC

Shanna M. Kaminski
Principal Attorney

4