**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**UNITED CAPITAL EXPERTS, LLC**,

Plaintiff,

~ *versus* ~

**JOT CARGO, INC.**, *and*
**NAVJOTSINGH GHUMAN**,

Defendants,

~ *and* ~

**UNITED FIRST LLC**,

Non-Party

Case No.  **1:26-cv-02719**

**MEMORANDUM OF LAW** *by*
**DEFENDANTS** *in Support of*
**ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION**

By: Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
*Counsel for Defendants*
*Jot Cargo, Inc., and Navjotsingh Ghuman*

1

## A.  INTRODUCTION

Defendants Jot Cargo, Inc., and Navjotsingh Ghuman by Counsel and pursuant to Federal Rules of Civil Procedure 65, and other relevant rules and practices of this Honorable Court respectfully moves for a Preliminary Injunction to stop the Plaintiff, United Capital Experts, LLC, non-Party United First LLC and all its related entities from abusing the UCC system to improperly take the Defendants funds, pending a final resolution of this lawsuit, to disgorge all wrongly obtained funds to the Defendants, for the damages from the wrongly seized funds, to enjoin them from further abuse of the UCC lien system, and for the costs and fees of bringing this Motion.

In support, the Defendants respectfully state as follows:

## B.  FACTUAL BACKGROUND

This lawsuit concerns an unenforceable, usurious, unconscionable 250% APR financing agreement. It is unenforceable under California and New York law for a host of reasons, including some that will be discussed at the pre-Motion Conference on the Motions to Dismiss the Complaint as against Jot Cargo Inc. and for Judgment on the Pleadings as against Defendant Ghuman, *See* ECF 7 and 8 (May 7, 2026). Those motions will be heard in due course.

A key issue in this case is a supposed "Assignment" of the loan by United First LLC. While the Defendants supposedly contracted with United First LLC, the Plaintiff claims that the rights (but not liabilities) under the usurious loan were transferred in April 2026 on the eve of filing suit to a new entity named "United Capital Experts, LLC", *See* ECF 1-1 at p. 39.

The Defendants' position is that the assignment was bogus and part an effort to obscure the real party in interest, See ECF 10 (May 8, 2026). But relevant for this Motion, is the *Plaintiff's position* on the assignment.

The Plaintiff claims that United First LLC left the playing field in April 2026.

The Plaintiff claims that in April 2026, United First LLC surrendered and transferred away any and all rights in had in the financing agreement. In the Plaintiff's telling, United First LLC had and has no further rights at law or equity whatsoever to engage in collections against, sue, or otherwise exercise rights under the financing agreement since April 2026.

The Defendants were therefore *stunned* to learn that in July 2026, the Plaintiff circumvented this lawsuit and the supposed assignment. Without informing Counsel or notifying the Court, United First executed the lien against the Defendants on ITS Logistics LLC and other third parties, *See* Ghunam Affidavit at Exh. A. The consequences of this wrongful execution has been devastating to the Defendants' business. It's continued survival is now untenable unless the Court intervenes, *See* Ghunam Affidavit.

Whatever the outcome of this lawsuit, it is undisputed that as of April 2026, United First had ***no right or authority to execute on the lien***. United First had no right to those funds and must be ordered to immediately withdraw the execution and immediately turn over any funds collected pursuant to the wrongful execution to the Defendants. We respectfully submit that the Defendants are also entitled to damages from the wrongful execution and to the legal fees in bringing this Motion.

It gets worse!

After the Defendants' Counsel notified the Plaintiff's Counsel that execution by United First was not available, United First refused to withdraw the execution. Instead, the Plaintiff re-served paperwork on the third parties, this time supposedly in the name of United Capital Experts, LLC.

But this too was improper!

The papers on the second attempt to execute wrongly claimed that United Capital

Experts, LLC had a contract with Jot Cargo, Inc. (it didn't) and that United Capital Experts, LLC had filed a lien (it didn't), *See* Ghuman Affidavit at Exh. B.

Defendants have been left with no option but to seek judicial intervention on an emergency basis to stop the Plaintiff and its related parties from their serial filings of improper paperwork, for the funds already improperly impounded to be *immediately* provided to Defendants to save their business, and for the damages for which the Plaintiff is liable for their improper filings including the legal costs and expenses of filing this Motion be paid to the Defendants.

This is being filed on an emergency basis and the Defendants respectfully reserve the right to fully address any legal or factual issues that the Court or opposing Counsel states was incomplete in this application.

## C. LEGAL ARGUMENT

### i. Standard for Injunction and Temporary Restraining Order under Rule 65

The Rules provide:

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

"(A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

"(B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

In this case, the issuance of the proposed Order to Show Cuse is proper because the specific facts showing irreparable injury, loss and damage are provided in the Affidavit by the Defendants. In addition, the Defendants have notified the Plaintiff of the presentment of this

Proposed Order to Show Cause, and they will have the opportunity be heard on the return date set by the Honorable Court, *See, e.g.*, *Little Tor Auto Center v. Exxon Company USA*, 822 F.Supp. 141 (S.D.N.Y. 1993) describing the circumstances under which an *ex parte* order is appropriate.

In the Second Circuit:

> "a party seeking a preliminary injunction must show the probability of irreparable harm in the absence of relief, and either (1) likelihood of success on the merits or (2) serious questions going to the merits and a balance of hardships tipping decidedly in its favor, the court found that plaintiff had failed to satisfy either standard."

*Virgin Enterprises Ltd. v. Nawab*, 335 F.3d 141, 145 (2d Cir. 2005) *Accord Nextgear Capital, Inc. v. Tristate Auto Service Center, Inc.*, Case No. 23-cv-9458 (E.D.N.Y. Jan. 11, 2024)(Block, *J.*).

We respectfully submit that the Defendants have entitled their right to the relief requested as described below:

### ii. Likelihood of Success / Serious Questions

For now, we will put to one side the validity of the underlying usurious financing instrument. If its validity becomes an issue, we can certainly address that with the Court.

Instead, we will assume for the sake of argument only that the underlying usurious financing instrument is valid. Even under that circumstance, the Plaintiff and United First would *still* not be authorized to exercise a right that they had transferred to another party. Nor would they be allowed to pursue an execution on the basis of paperwork that entirely fails to identify any basis for such execution.

The Court will excuse the lack of citation for this principal, but the Defendants do know what there is to cite. United First had no authority to execute on the lien. United Capital Experts failed to submit proper paperwork for the execution. The paperwork speaks for itself.

### iii. The Irreparable Harm to the Defendants

"Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983) *quoting* 11 C. WRIGHT & A. MILLER, *Federal Practice and Procedure* § 2948, at 431 (1973) and collecting cases.

The Second Circuit has underlined that the "loss of . . . an ongoing business representing many years of effort and the livelihood of its husband and wife owners, constitutes irreparable harm. What plaintiff stands to lose cannot be fully compensated by subsequent monetary damages." *Roso-Lino Bev. Distrib. v. Coca-Cola Bottling Co.*, 749 F. 2d 124, 126 (2d Cir. 1984).

In this case, the Defendants have established through Affidavits that the damage occasioned by the improper execution has and will continue to cause irreparable injury if not enjoined by this Court.

### iv. A Token Bond is Sufficient to Protect Plaintiff and United First

"Rule 65(c) of the Federal Rules of Civil Procedure provides that '[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper.' 'A district court has a wide discretion to dispense with the bond requirement `where there has been no proof of likelihood of harm.' *Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17-CV-2802, 2018 WL 6031156, at *10 (E.D.N.Y. Nov. 16, 2018) (*quoting Donohue v. Mangano*, 886 F. Supp. 2d 126, 163 (E.D.N.Y. 2012))."

*Gov't Employees Ins. Co. v. Zilberman*, Case No. 20-cv-00209 (E.D.N.Y. Mar. 25, 2021)(Block, *J.*)

On this basis, where there is no harm occasioned to the Plaintiff or United First by simply asking them to not improperly execute on liens, we respectfully submit that a token bond of $1.00 is appropriate.

## D. CONCLUSION

Plaintiff respectfully requests that the Court issue the Order to Show Cause that the Plaintiff and United First immediately withdraw their improper efforts to execute on a lien against the Defendants, that they immediately tender to the Defendants any funds improperly collected, that the Plaintiff and United First be restrained from any further execution pending the resolution of this lawsuit, and that the Defendants be awarded the damages from the improper collections and the cost of this Motion.

Dated: August 4, 2026

RESPECTFULLY SUBMITTED,

Baruch Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 401-6910
baruchgottesman@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I caused a true and correct copy of the foregoing

to be filed and served upon all counsel of record via the Court's CM/ECF electronic-filing system.

/Baruch Gottesman/