UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED CAPITAL EXPERTS, LLC,

Plaintiff,

v.

JOT CARGO INC. and NAVJOTSINGH GHUMAN,

Defendants.

**MEMORANDUM AND ORDER**

26-cv-02719 (FB) (PCG)

LASHANN DEARCY HALL, United States District Judge:

Jot Cargo Inc. and Navjotsingh Ghuman ("Defendants") move for an emergency order to show cause and preliminary injunction against United Capital Experts, LLC ("Plaintiff") and United First, LLC, a non-party to this suit.

**BACKGROUND**

The Court assumes the parties' general familiarity with this litigation and recites only the facts relevant to Defendants' emergency motion. By order dated August 5, 2026, Judge Block referred Defendants' emergency motion for an order to show cause and preliminary injunction to this Court. (*See* Aug. 5, 2026 Order.) Defendants move for a preliminary injunction "to stop the Plaintiff and its related parties from their serial filings of improper paperwork, for the funds already improperly impounded to be *immediately* provided to Defendants to save their business, and for the damages for which the Plaintiff is liable for their improper filings including legal costs and expenses of filing this Motion . . . ." (Defs.' Memo. Law Support Order Show Cause & Prelim. Inj. ("Defs.' Mem.") at 4, ECF No. 17-1 (emphasis in original).)

## DISCUSSION

"In order to justify a preliminary injunction, a movant must demonstrate 1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and 3) that the public's interest weighs in favor of granting an injunction." *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (internal citations omitted). Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023) (quotation omitted). To establish irreparable harm, a movant must show that he "will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* (quotation omitted). "[P]laintiffs must [also] show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm." *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010). In deciding a motion for a preliminary injunction, courts are not required to hold hearings. *Clark v. Childs*, 416 F. Supp. 3d 221, 222 (E.D.N.Y. 2017) ("In other words, evidentiary hearings on motions for temporary restraining orders and preliminary injunctions are not required."); *see also Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." (citation omitted)).

### I. Irreparable Harm

Defendants argue they are "entitled," (Defs.' Mem. at 5), to a preliminary injunction because they "have established through Affidavits that the damage occasioned by the improper

execution has and will continue to cause irreparable injury if not enjoined by this Court." (*Id.* at 6.) Plaintiff disagrees. According to Plaintiff, Defendants' assertions that its business is at risk of being lost is "conjectural at best and does not amount to the requisite showing of a [likelihood of] irreparable harm." (Mem. of Law in Resp. to Order to Show Cause & in Opp'n to Def.'s Request for Prelim. Inj. ("Pl.s' Opp'n") at 7, ECF No. 20.) The Court agrees with Plaintiff.

Here, Defendant Ghuman attested that he has worked "day and night over the past approximately [s]ix years," and "[w]ithout immediate access to [his] receivables, the business [he] worked so hard to build is now at risk of collapsing." (Defs.' Affidavit at 4, ECF No. 18.) According to Defendants, this "damage occasioned by the improper execution has and will continue to cause irreparable injury if not enjoined by this Court." (Defs.' Mem. at 6.) Relying on *Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co. of New York*, 749 F.2d 124 (2d Cir. 1984), Defendants argue that this risk of losing its business constitutes irreparable harm.

In *Roso-Lino*, plaintiff "held a small Coca-Cola distributorship on the west side of Manhattan for approximately eleven years when, in early August, 1984, it was given notice by Coca-Cola that Roso-Lino's distributorship was to be terminated one week later." *Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co. of New York*, 749 F.2d 124, 125 (2d Cir. 1984). Plaintiff brought suit and moved for a preliminary injunction, which was denied by the district court. *Id.* Plaintiff appealed, and the Second Circuit reversed the denial of the preliminary injunction. *Id*. In its reversal, the Second Circuit recognized that "[t]he loss of . . . an ongoing business representing many years of effort and the livelihood of its . . . owners, constitutes irreparable harm." *Id*. at 125–26. In instances such as these, the Second Circuit reasoned that "[w]hat plaintiff stands to lose cannot be fully compensated by subsequent monetary damages." *Id.* (citation omitted). However, *Roso-Lino* is distinguishable from the case

at bar. In *Roso-Lino*, plaintiff proved irreparable harm because defendant provided plaintiff a notice that contained a definitive date on which plaintiff's business would terminate. *See id.* at 125. From this showing, the Second Circuit was able to discern the actual harm plaintiff faced and the imminence of said harm. *See id.* This is unlike here, where Plaintiff merely alleges that "[w]ithout immediate access to [his] receivables, the business [he] worked so hard to build is now at risk of collapsing." (Defs.' Affidavit at 4.) Such a vague allegation does not show this Court that Defendants' business is imminently at risk of being lost and, therefore, does not show irreparable harm. *See Milliken v. Stone*, 16 F.2d 981, 984 (2d Cir. 1927) ("Mere allegation of irreparable injury will not suffice to warrant an injunction. Facts must appear on which the allegation is predicated, in order that the court may be satisfied of the nature of the injury.").

**II. Likelihood of Success**

Speaking to the likelihood of success on the merits, Defendants ask the Court to "assume for the sake of argument [] that the underlying [] financing agreement is valid." (Defs.' Mem. at 5.) Against this backdrop, Defendants assert that Plaintiff and United First LLC are not "authorized to exercise a right that they had transferred to another party. Nor would they be allowed to pursue an execution on the basis of paperwork that entirely fails to identify any basis for such execution." (Defs.' Mem. at 5.) The Court struggles to make sense of these naked and vague assertions. On one hand, Defendant makes the argument that "Plaintiff and United First would still not be authorized to exercise a right that they had transferred to another party," (Defs.' Mem. at 5), but on the other hand, Defendant argues that only "United First LLC surrendered and transferred away any and all rights in its financing agreement," (Defs.' Mem. at 3). The Court interprets Defendants' argument as follows: United First LLC is not authorized to exercise a right it transferred to another party. Maybe. However, United First LLC is not a party to this lawsuit.

In order for the Court to enjoin a non-party, a movant must demonstrate that those non-parties are "in active concert or participation" with the parties to the lawsuit. *See* Fed. R. Civ. P. 65(d)(2). Defendants have not demonstrated such. For example, Defendants do not allege that Plaintiff and the United First LLC share occupation of office space, share in the payment of employee expenses, exercise control over one another's operations, or have other substantial relationships. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 638 (S.D.N.Y. 2018) ("Courts in this Circuit have found 'active concert' between non-parties and already-enjoined parties in cases where an enjoined party is substantially intertwined with a non-party, including the shared occupation of office space, payment of employee expenses between the non-party and enjoined party, considerable control by the enjoined party over the non-party's operations, and other substantial interconnections . . . ." (citing *In re Sledziejowski*, 533 B.R. 408, 424 (Bankr. S.D.N.Y. 2015); then *N.Y. by Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996); and then *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979)). Defendants merely allege that "in April 2026, United First LLC surrendered and transferred away any and all rights i[t] had in the financing agreement." (Defs.' Mem. at 3.) This allegation alone is not sufficient.

Defendants' second argument that Plaintiff and United First LLC would not "be allowed to pursue an execution on the basis of paperwork that entirely fails to identify any basis for such execution" is also insufficient to establish a likelihood of success on the merits. (Defs.' Mem. at 5.) Defendants fail to direct the Court to the agreements or any law that supports this naked and vague assertion. Aware of this deficiency, Defendants assert that "[t]he Court will excuse the lack of citation for this principal . . . ." (Defs.' Mem. at 5.) The Court will not. *See Butler v. Suffolk Cnty.*, No. 11-CV-2602, 2023 WL 5096218, at *19 (E.D.N.Y. Aug. 9, 2023)

("Accordingly, to the extent that [a party] assert[s] arguments without citations to the record, the Court need not consider them." (citing *Green v. Mount Sinai Health Sys., Inc.*, No. 17-CV-3999, 2019 WL 4392691, at *3 (S.D.N.Y. Sept. 12, 2019)); *see also Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 521 n.3 (E.D.N.Y. 2017) ("However, he does not provide any case law in support of these arguments, and the court declines to consider such unsupported claims.").

**III. Public Interest**

Even if Defendants established irreparable harm and a likelihood of success on the merits, which it has not, its motion would still be denied. As the Court explained *supra*, in order to obtain a preliminary injunction, a movant must also demonstrate that the public's interest weighs in favor of granting an injunction. Defendants' motion fails to address this element altogether. This, alone, subjects Defendants' motion to denial. *See Cent. Rabbinical Cong. of U.S. & Canada v. New York City Dep't of Health & Mental Hygiene*, 763 F.3d 183, 192 (2d Cir. 2014) ("The party seeking a preliminary injunction must also demonstrate 'that the public's interest weighs in favor of granting an injunction.'") (quoting *Red Earth LLC v. United States*, 657 F.3d 138, 143 (2d Cir. 2011)).

**CONCLUSION**

For the foregoing reasons, Defendants' emergency motion for an order to show cause and preliminary injunction is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
September 14, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge